UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br><br>    v.<br><br>FRANCISCO GUTIERREZ,<br><br>                       Defendant. | Case No. 14CR0502-H<br><br>ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS |

Defendant Francisco Gutierrez is charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant Gutierrez filed a motion to suppress evidence based on a warrantless search of 795 W. Fallbrook Street, Apartment #18, Fallbrook, California ("Apartment #18"). (Doc. No. 35.) On April 28, 2015, the Court held an evidentiary hearing on the motion to suppress evidence. Attorney Tara McGrath appeared for the United States. Attorney Ezekiel Cortez appeared for Defendant Gutierrez.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const., Amdt. 4. "[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness.'" Brigham City v. Stuart, 547 U.S. 398, 403 (2006). Reasonableness is defined "in objective terms by examining the totality of the

circumstances," Ohio v. Robinette, 519 U.S. 33, 39 (1996), and by considering "the traditional protections against unreasonable searches and seizures afforded by the common law at the time of the framing," Atwater v. Lago Vista, 532 U.S. 318, 326 (2001) (internal quotation marks omitted). When traditional protections have not provided a definitive answer, precedents have "analyzed a search or seizure in light of traditional standards of reasonableness by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." Virginia v. Moore, 553 U.S. 164, 171 (2008) (internal quotation marks omitted). Recognizing that the touchstone is reasonableness, not every search requires a warrant. Instead, "certain categories of permissible warrantless searches have long been recognized." Fernandez v. California, 134 S. Ct. 1126, 1132 (2014). Warrantless parole searches are lawful under certain circumstances. United States v. Grandberry, 730 F.3d 968, 973 (9th Cir. 2013). The government argues the search was a lawful parole search.

"Police or parole officers may lawfully conduct searches of parolees or their residences without satisfying the Fourth Amendment's warrant requirement when certain conditions are met." Id. "One such condition is that the parolee is subject to a provision authorizing such warrantless searches." Id. (citing United States v. Lopez, 474 F.3d 1208, 1212–14 (9th Cir. 2007)). "A second such condition is that '[b]efore conducting a warrantless search' of a residence 'pursuant to a parolee's parole condition, law enforcement officers must have probable cause to believe that the parolee is a resident of the house to be searched.'" Id. (quoting United States v. Howard, 447 F.3d 1257, 1262 (9th Cir. 2006)). "[P]robable cause as to residence exists if an officer of 'reasonable caution' would believe, 'based on the totality of [the] circumstances,' that the parolee lives at a particular residence." Id. at 975 (quoting United States v. Diaz, 491 F.3d 1074, 1077–78 (9th Cir. 2007); Howard, 447 F.3d at 1262) (footnote omitted). "[T]his is a relatively stringent standard which requires more than a mere well-founded suspicion. . . . There must be strong evidence

that the parolee resides at the address." Id. at 976 (internal quotations and citations omitted). "'[C]ertain patterns' have 'clearly emerge[d]' in most cases in which officers have probable cause to conclude that a parolee lived in a residence 'not reported by [the] parolee' as his address.'" Id. (citing Howard, 447 F.3d at 1265). "The patterns Howard enumerated were: (1) the parolee did not appear to be residing at any address other than the one searched; (2) the officers had directly observed something that gave them good reason to suspect that the parolee was using his unreported residence as his home base; (3) the parolee had a key to the residence in question; and (4) either the parolee's co-resident or the parolee himself identified the residence in question as that of the parolee." Id. (citing Howard, 447 F.3d at 1265–66) (quotations omitted). These factors are considered "cumulatively." Id. "[T]he determination of probable cause is based upon the totality of the circumstances known to the officers at the time of the search." Lacey v. Maricopa Cnty., 693 F.3d 896, 918 (9th Cir. 2012) (en banc).

The government established that Defendant Gutierrez was subject to conditions of parole, including a fourth waiver. Government Exhibit 1. The California Department of Corrections Notice of Conditions of Parole states: "You and your residence and any property under your control may be searched without a warrant by an agent of the Department of Corrections or any law enforcement officer." Id. Defendant Gutierrez signed the document in 2009 and the defense does not dispute the accuracy of the document. Accordingly, Defendant Gutierrez was "subject to a provision authorizing warrantless searches." Grandberry, 730 F.3d at 973.

The Court next turns to whether, under the totality of the circumstances, law enforcement reasonably believed that Defendant Gutierrez resided in Apartment #18 before starting the warrantless search. See id. at 975. David Pittman, a parole agent with the California Department of Corrections at the relevant time, testified regarding his work with the North County Gang Task Force to identify and apprehend parolees that had violated parole. At the hearing, David Pittman testified that Francisco

Gutierrez was subject to an arrest warrant issued for violation of his parole in approximately late 2009. Based on the arrest warrant, Pittman was assigned the task to locate Defendant. He first determined that Defendant was subject to conditions of parole, including a fourth waiver. Government Exhibit 1. Pittman opened an investigation in 2009 and located Defendant Gutierrez in March 2010 based on a phone associated with Defendant. He obtained a search warrant for a trap/trace of Defendant's phone. Pittman developed information that the phone was pinging at 795 W. Fallbrook, Apartment #18. Based on the geo-location of the pings from the phone, Pittman testified that the cell phone placed Defendant Gutierrez in Apartment #18.

Law enforcement surveilled the apartment but did not initially see Defendant at Apartment #18. But on April 1, 2010, law enforcement saw a Hispanic male and female leave Apartment #18 at approximately 7:30 a.m. and go to Apartment #14. They exited Apartment #14 with three children, got into a car, and drove to a daycare center. The female dropped two of the children off at daycare and the agents then stopped the individuals.

Officers arrested Defendant. Initially, he gave a false name and said he was living on the street. When Violetta Toro ("Toro") came back from the daycare center, she was questioned. She said Toro and Defendant were living at Apartment #18 and the officers should know that because they had been watching the apartment. Toro also provided law enforcement a set of keys for the apartment. Based on the totality of the circumstances, law enforcement entered Apartment #18.[1]

In sum, law enforcement officers saw Defendant Gutierrez leave Apartment #18 in the early hours of the morning and take children to daycare. Defendant's cell phone placed him in Apartment #18. Toro also identified Gutierrez as a co-resident of Apartment #18, stated that they had been living in Apartment #18 for several months,

---

[1] Among other things, bills and mail for Toro and Defendant and a pay stub for Defendant established dominion and control. But this after-acquired evidence does not establish probable cause.

-4-

and provided law enforcement with a set of keys to Apartment #18. Moreover, Toro identified the apartment as their place. Based on the totality of the circumstances known to law enforcement at the time of the search, law enforcement reasonably believed that Gutierrez resided in Apartment 18. Grandberry, 730 F.3d at 976. In light of the fact that Defendant Gutierrez signed a fourth waiver, law enforcement conducted a valid parole search. Id. at 973. On cross, the defense questioned why the surveillance did not show Defendant at Apartment #18 until April 1, 2010 if Defendant was living there. But Toro stated that they knew law enforcement was watching the apartment and Defendant may have elected to not appear outside the apartment while being watched. Accordingly, the Court denies Defendant Gutierrez's motion to suppress the evidence.

    IT IS SO ORDERED.

DATED: April 28, 2015

_____
HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE