AO 247 (Rev. 11/11:CASD 05/15)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)          Page 1 of 1

# UNITED STATES DISTRICT COURT
for the

Southern District of California

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No: 14-cr-0502-JO |
| Francisco Gutierrez | ) | USM No: 30328-298 |

Date of Original Judgment: 11/3/2015
Date of Previous Amended Judgment: _____
*(Use Date of Last Amended Judgment if Any)*

Ezekiel E. Cortez
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ **DENIED.**  ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

The Court DENIES the Defendant's motion to reduce his sentence under 18 U.S.C. 3582(c)(2) based on the retroactive application of Parts A and B, Subpart 1 of Amendment 821 to the United States Sentencing Guidelines. The Defendant asserts that Part A of Amendment 821, which limits "status points" from the calculation of the defendant's criminal history points if he committed the instant offense while under "probation, parole, supervised release, imprisonment, work release, or escape status[,]" is applicable to his case. *See* USSG. § 4A1.1(e). At the time of sentencing, the Defendant had 11 criminal history points placing him at a criminal history category V. (PSR, Dkt. 52 at 14, Sentencing Transcript, Dkt. 73 at 40.) Under Amendment 821, the Defendant would now have 10 criminal history points. However, 10 criminal history points would still result in a criminal history category V, the same category applied to the defendant at the time of sentencing. Accordingly, the Defendant is ineligible for a sentencing reduction under Amendment 821. *United States v. Mercado-Moreno*, 869 F.3d 942, 949 (9th Cir. 2017) ("A defendant is ineligible for a sentence reduction if the relevant amendment does not have the effect of lowering the defendant's applicable guideline range.") (internal quotations omitted); *see also United States v. McClain*, No. 2:19-CR-165 WBS, 2024 WL 4441931, at *1 (E.D. Cal. Oct. 8, 2024) ("Because defendant's criminal history category has not changed, applying Amendment 821's status point provision does not change his guideline range, and he is not eligible for a sentence reduction."); *United States v. Whitney*, No. 2:21-CR-00002-JAD-NJK, 2024 WL 4603294, at *1 (D. Nev. Oct. 29, 2024) ("Because the removal of a status point does not change his criminal history category, this change would also not result in a lower sentencing guideline range.")

**IT IS SO ORDERED.**
Order Date: 4/14/25

*Judge's signature*

Honorable Jinsook Ohta, United States District Judge
*Printed name and title*